# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2012

No. 11-20332

Lyle W. Cayce
Clerk

In the Matter of: CRAIG WARREN FERNANDEZ, I,

Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REESE W. BAKER; BAKER & ASSOCIATES,

Appellants

v.

DAVID G. PEAKE, Chapter 13 Trustee; AMERICA'S SERVICING
COMPANY,

Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4044

Before REAVLEY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Appellant Reese W. Baker of Baker & Associates ("Baker") filed a
bankruptcy petition under Chapter 13 on behalf of Debtor Craig Fernandez

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20332

("Fernandez") in August of 2007. Following the dismissal of the Chapter 13 case without a confirmed plan, Baker sought recovery of his approved legal fees from funds obtained by the Chapter 13 Trustee David Peake (the "Trustee"). However, the Trustee instead paid those funds to Fernandez's mortgage company, America's Servicing Company ("ASC"). The bankruptcy court denied Baker's relief, and the district court affirmed. We also AFFIRM.

Pertinent to this appeal, Fernandez filed for Chapter 13 bankruptcy primarily in order to save his homestead, which he believed had been wrongfully foreclosed upon the previous year. Although a proposed Chapter 13 plan was initially confirmed, the confirmation order was entered by mistake over ASC's sustained objection and accordingly, was vacated shortly thereafter. Then, in connection with the allegedly wrongful foreclosure, Fernandez filed an adversary proceeding against ASC, which was dismissed in December of 2008 upon the entry of an agreed final judgment (the "Agreed Judgment"). The Agreed Judgment rescinded the foreclosure, reinstated the note and accompanying deed of trust, and ordered Fernandez to file an amended plan within forty days. Importantly, it also required Fernandez to make monthly mortgage payments of $3,253.43, and authorized the Trustee "to immediately disburse all ongoing mortgage payments accruing from the petition date pursuant to the plan [to ASC]."[1]

In accordance with the Agreed Judgment, Fernandez made monthly payments to the Trustee. Nevertheless, because Fernandez violated the Agreed Judgment by failing to file an amended plan, his bankruptcy case was subsequently dismissed without plan confirmation. At the time of dismissal, the

[1] Baker argues that the Agreed Judgment's use of the language, "pursuant to the plan," must refer to the unconfirmed plan that was filed prior to the Agreed Judgment's entry and that set a lower monthly payment. We conclude, however, that the fair reading of this document demonstrates that "pursuant to the plan" refers to the $3,253.43 stated therein that would have been included in the required amended proposed plan.

2

No. 11-20332

Trustee paid ASC $19,000 that had been held in reserve from Fernandez's monthly payments. However, Baker, who had filed fee applications and received the bankruptcy court's approval for approximately $22,000 in fees, filed an emergency motion seeking the remaining unpaid balance of his fees—approximately $8,000—from the post-dismissal funds paid to ASC.

The bankruptcy court denied Baker's request, and the district court affirmed. The denial of Baker's request to recover some or all of his remaining fees from the $19,000 paid to ASC upon dismissal of the case is the only ruling challenged on this appeal.

Before our court, the parties, citing *In re Perez*, 339 B.R. 385 (Bankr. S.D. Tex. 2006), *aff'd sub nom.*, *Perez v. Peake*, 373 B.R. 468 (S.D. Tex. 2007), make far-ranging scholarly arguments with potential consequences for many Chapter 13 cases. Although these arguments are worthy of consideration, this case does not properly present an occasion to do so. Rather, we conclude that this case is more appropriately decided on the basis of the Agreed Judgment, a binding, enforceable agreement that Fernandez and Baker both signed and that has never been appealed. In that regard, we agree with ASC and the Trustee that Baker, having assented to the Agreed Judgment, cannot now attack it. *See New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001); *Browning Mfg. v. Mims* (*In re Coastal Plains, Inc.*), 179 F.3d 197, 205-07 (5th Cir. 1999); *United States v. McCaskey*, 9 F.3d 368, 378-79 (5th Cir. 1993) (per curiam). Thus, pursuant to the Agreed Judgment's terms, the Trustee properly paid the remaining funds to ASC.

Baker suggests that ruling against him in this case would "chill" representation of Chapter 13 debtors. Such potential "chilling" does not represent a reason to ignore the Agreed Judgment; further, we note that this case does not present a "typical" Chapter 13 case, so any resultant "chilling" is unlikely. Baker was placed in this position not by ASC, the Trustee, or the

bankruptcy court, but by his client. By assenting to be bound by the terms of the Agreed Judgment, Fernandez made a deal. However, by subsequently refusing to agree to file an amended plan, Fernandez failed to live up to his deal. Intractable clients like Fernandez can undeniably force attorneys into difficult situations, but these attorneys are not helpless.[2] Moreover, such situations may present sufficient grounds to seek leave to withdraw. *See* TEX. DISCIPLINARY RULES OF PROF'L CONDUCT R. 1.15(b)(4)-(6) (enumerating some of the grounds under which an attorney may ethically withdraw from representation); *cf.* Bankr. S.D. Tex. R. 83.2 (providing procedure for attorney withdrawal in the Southern District of Texas). *But see* TEX. DISCIPLINARY RULES OF PROF'L CONDUCT R. 1.15(c) (requiring an attorney to remain as counsel if the court so orders).

We are not unmindful of Baker's predicament. However, he assented to the Agreed Judgment, and he cannot now attack it merely "to suit the exigencies of self interest." *In re Coastal Plains, Inc.*, 179 F.3d at 205 (citation and internal quotation marks omitted). Baker's situation does not change the terms of the Agreed Judgment or impair ASC's right to be paid thereunder.

AFFIRMED.

---

[2] Indeed, no one disputes that Baker retains the right to seek his approved, but thus far uncollected, fees directly from Fernandez, who is not a party to this appeal.